IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ODESSA BROWN II,<br><br>   Plaintiff,<br><br>   v.<br><br>SALINAS VALLEY STATE PRISON, ET AL.,<br><br>   Defendants. | No. C 05-2776 CW (PR)<br><br><u>ORDER DISMISSING ACTION AND DENYING IN FORMA PAUPERIS STATUS</u><br><br>(Docket nos. 2, 3) |

## BACKGROUND

Plaintiff William Odessa Brown II is a prisoner of the State of California who is incarcerated at Salinas Valley State Prison (SVSP). He has filed this civil rights action under 42 U.S.C. § 1983 and seeks leave to proceed <u>in forma pauperis</u>. Venue is proper in this Court because the injuries complained of occurred in Monterey County, which is located within the Northern District of California. <u>See</u> 28 U.S.C. § 1391; 28 U.S.C. § 84.

## STANDARD OF REVIEW

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. <u>Id.</u> § 1915A(b)(1), (2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and

(2) that the alleged violation was committed by a person acting under the color of State law. West v. Atkins, 487 U.S. 42, 48 (1988). "'[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Terracom v. Valley National Bank, 49 F.3d 555, 558 (9th Cir. 1995) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

## DISCUSSION

Plaintiff alleges that during the months of July through December, 2004, SVSP mail room staff opened seven pieces of his legal mail outside of his presence. Plaintiff pursued the matter through all three formal levels of administrative review. At each level it was determined that mail room staff erroneously opened the legal mail. The error was acknowledged and Plaintiff was told that additional training was provided to staff on opening legal mail. Because there was no theft or destruction of property, the institution found no justification to award Plaintiff monetary damages.

Prisoners enjoy a First Amendment right to send and receive mail. See Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (citing Thornburgh v. Abbott, 490 U.S. 401, 407 (1989)). The inspection for contraband of non-legal mail does not violate a prisoner's constitutional rights. See id., 52 F.3d at 265-66 (upholding inspection of outgoing mail); Smith v. Boyd, 945 F.2d 1041, 1043 (8th Cir. 1991) (upholding inspection of incoming mail); Gaines v. Lane, 790 F.2d 1299, 1304 (7th Cir. 1986) (upholding inspection of outgoing and incoming mail). Prison officials also

2

may institute procedures for inspecting legal mail, for example, mail sent between attorneys and prisoners, see Wolff v. McDonnell, 418 U.S. 539, 576-77 (1974) (incoming mail from attorneys), and mail sent from prisoners to the courts, see Royse v. Superior Court, 779 F.2d 573, 574-75 (9th Cir. 1986) (outgoing mail to court). But the opening and inspecting of legal mail outside the presence of the prisoner may have an impermissible chilling effect on the constitutional right to petition the government. See O'Keefe v. Van Boening, 82 F.3d 322, 325 (9th Cir. 1996) (citing Laird v. Tatum, 408 U.S. 1, 11 (1972)).

Isolated incidents of mail interference without any evidence of improper motive or resulting interference with the right to counsel or access to the courts do not give rise to a constitutional violation. See Smith v. Maschner, 899 F.2d 940, 944 (10th Cir. 1990); Morgan v. Montanye, 516 F.2d 1367, 1370-71 (2d Cir. 1975) (no claim where letter from prisoner's attorney opened out of prisoner's presence in single instance), cert. denied, 424 U.S. 973 (1976); Bach v. Illinois, 504 F.2d 1100, 1102 (7th Cir.) (isolated incident of mail mishandling insufficient to state a claim under § 1983), cert. denied, 418 U.S. 910 (1974); Lingo v. Boone, 402 F. Supp. 768, 773 (N.D. Cal. 1975) (an isolated incident of mail censorship or interference due to prison officials' "honest error" does not justify relief under § 1983).

According to Plaintiff's allegations and the exhibits attached to his complaint, it is not contested that SVSP mail room staff did in fact open his legal mail outside of his presence. It also is not contested, however, that this was the result of anything more than mail room staff negligence and inadequate training. Plaintiff complains that SVSP prison officials did not comply with State

regulations for opening legal mail.  This alone, however, does not amount to a constitutional violation.  According to Plaintiff's allegations, prison mail room staff made an honest error which did not cause actual injury to him in any court action he was litigating at the time.  Accordingly, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted.  Because amendment would be futile, this action is DISMISSED with prejudice.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

The action is DISMISSED with prejudice and without leave to amend.  Leave to proceed in forma pauperis is DENIED.  (Docket nos. 2, 3.)

The Clerk of the Court shall enter judgment and close the file.

IT IS SO ORDERED.

DATED:   1/25/06

CLAUDIA WILKEN
United States District Judge